**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Juan Diego Ochoa-Perez,

Petitioner,

v.

Eric Rokosky, *et al.*,

Respondents.

No. CV-26-05008-PHX-JJT

**ORDER**

Petitioner sought habeas relief under 28 U.S.C. § 2241, arguing that he was detained pursuant to 8 U.S.C. § 1226(a), which allows for the possibility of discretionary bond hearings for an alien in removal proceedings, rather than Section 1225(b), which requires an alien to remain in DHS custody throughout the determination of his removability (Doc. 1). Respondents indicated in their Response that they did not oppose a bond hearing for Petitioner. (Doc. 6.) The Court granted the Petition "to the extent it seeks a bond redetermination hearing" and denied it otherwise on July 21, 2026. (Doc. 7.) Respondents filed a Notice of Compliance on July 27, 2026, advising that Petitioner received a bond redetermination hearing July 24, after which the IJ found him a flight risk and a danger and denied bond. (Doc. 9.)

On August 28, 2026, Petitioner filed the instant Motion to Enforce, arguing that "although Respondents did provide a custody redetermination hearing on July 21, 2026, that hearing did not comply with this Court's order because the Immigration Judge ("IJ")

failed to conduct a constitutionally adequate proceeding." (Doc. 10 at 4.) Thereafter Respondents had 14 days within which to file a response to the motion. LRCiv. 7.2(c).

Forty-six days have elapsed since Petitioner filed his Motion, and Respondents have not responded. LRCiv 7.2(i) provides in relevant part that "if [] counsel does not serve and file the required answering memoranda [] such noncompliance may be deemed a consent to the ranting of the motion and the court may dispose of the motion summarily." Upon review of the Motion and the documentation of the bond hearing at issue, the Court perceived potential deficiencies with Petitioner's arguments. But having received nothing from Respondents to defend their position, the Court will so deem Respondents' non-response a consent and will order another bond redetermination hearing.

Petitioner has requested as his remedy immediate release, or in the alternative that this Court conduct his bond hearing. Finding no reason in the record before it to conclude Petitioner cannot receive a lawful bond determination before an Immigration Judge should Respondents choose to seek such a hearing rather than release Petitioner outright, the Court declines the request for either exceptional variety of relief.

**IT IS ORDERED** granting in part and denying in part Petitioner's Motion to Enforce (Doc. 10.) Within **seven days** of entry of this Order, Respondents must either provide Petitioner with a bond redetermination hearing or release Petitioner from custody under the same conditions that existed before his detention.

Dated this 13th day of October, 2026.

Honorable John J. Tuchi
United States District Judge